UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**03 CV 12508 RCL**

BROOKSTONE COMPANY, INC.,  MAGISTRATE JUDGE _____
    Plaintiff,

v.

DILLARD'S INC.,
    Defendant.

Civil Action No.

FILED
IN CLERK'S OFFICE

2003 DEC 12  P 3: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

AMOUNT $ 150
SUMMONS ISSUED ✓✗
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _F.O.M_
12-12-03

## COMPLAINT AND JURY DEMAND

Plaintiff Brookstone Company, Inc. ("Brookstone") for its complaint against

Defendant, Dillard's Inc. ("Dillard's"), alleges as follows:

### PARTIES

1.    Brookstone is a New Hampshire corporation, with its principal place of

business located at 17 Riverside St., Nashua, New Hampshire.

2.    On information and belief, Dillard's is a Delaware corporation with its

principal place of business located at 1600 Cantrell Road, Little Rock, Arkansas 72201.

### JURISDICTION AND VENUE

3.    This civil action for patent infringement arises under the Patent Laws of

the United States, 35 U.S.C. §§ 1 *et seq.* This Court has jurisdiction over the claims

presented herein pursuant to 28 U.S.C. § 1338(a).

4.    On information and belief, this Court has personal jurisdiction over

Dillard's because Dillard's has constitutionally sufficient contacts with Massachusetts to

make personal jurisdiction proper in this Court. Dillard's operates an interactive

nationally accessible website that permits residents of Massachusetts to access Dillard's

products and submit on-line orders for merchandise that is shipped to Massachusetts'

purchasers. Dillard's interactive website (www.dillards.com) provides existing and

potential customers with clear, simple instructions on how to create an account that can

be used specifically for the on-line ordering of Dillard's products, as well as an on-line

catalogue of its merchandise. Dillard's also provides an agreement outlining the "Terms

of Use" for the website, including a statement that the website is intended for "U.S.

residents". These activities constitute Dillard's purposeful availment of the benefits of

conducting business within the Commonwealth of Massachusetts.

    5.    Dillard's is a foreign corporation transacting business within the

Commonwealth of Massachusetts, and/or is causing tortious injury by committing all or

part of the tortious acts or omissions described herein within the Commonwealth of

Massachusetts, and/or is causing tortious injury by committing the tortious acts or

omissions described herein outside the Commonwealth of Massachusetts while regularly

conducting or soliciting business and/or deriving substantial revenue from goods used or

consumed or services rendered within the Commonwealth of Massachusetts. Therefore,

this Court has personal jurisdiction over Dillard's under Massachusetts' long-arm statute.

Mass. Gen. Laws. Ann. Ch. 223A Section 3 (West 2003).

    6.    Dillard's, pursuant to 28 U.S.C. § 1391(c), is deemed to reside in the

District of Massachusetts because it is subject to personal jurisdiction in the District of

Massachusetts. Thus, venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

## GENERAL ALLEGATIONS

    7.    Dillard's manufactures, imports, uses, offers for sale and/or sells a digital

barbecue fork, labeled "Tech Fork" and also referred to as the "thermo-fork", that

2

indicates the degree of doneness of cooked meat (referred to herein as the "Accused Product").

8.    On information and belief, Dillard's has made or had made the Accused Product, has used the Accused Product, has imported the Accused Product, has sold the Accused Product, or offered the Accused Product for sale. On information and belief, Dillard's has offered to sell or has sold the Accused Product throughout the United States, including Massachusetts. In addition, Dillard's is presently conducting these activities and will likely continue these activities.

### FIRST CLAIM FOR RELIEF FOR INFRINGEMENT OF U.S. PATENT NO. 5,983,783

9.    United States Patent No. 5,983,783 (the "'783 Patent") issued on November 16, 1999, and is entitled "Electronic Chef's Fork". Brookstone is the owner by assignment of the '783 Patent. A true and correct copy of the '783 Patent is attached hereto as Exhibit A and is incorporated herein by reference.

10.    Upon information and belief, Dillard's has been and is now infringing one or more claims of the '783 Patent by [1] making, having made, importing, using, offering to sell, or selling the patented invention(s), [2] by actively inducing others to make, import, use, offer to sell, or sell the patented invention(s), or [3] by contributing to the manufacture, import, use, sale, or offer for sale the patented invention(s) in the United States.

11.    More particularly, without limitation, Dillard's is now infringing one or more claims of the '783 Patent by making, having made, importing, using, offering to sell, or selling the Accused Product, which embodies the patented invention(s) of the '783 Patent.

3

12.     Dillard's has had actual notice of the '783 Patent since November 26, 2003. *See* Letter, Exhibit B. In addition, by service of this Complaint, Brookstone gives Dillard's actual notice of the existence of the '783 Patent. Despite such notice, Dillard's has and will likely continue to willfully, wantonly, and deliberately engage in acts of infringement without regard to the '783 Patent, and will continue to do so unless otherwise enjoined by this Court.

13.     Brookstone has been damaged by the infringing activities of Dillard's and will be irreparably harmed unless those infringing activities are permanently enjoined by this Court. Brookstone does not have an adequate remedy at law.

## SECOND CLAIM FOR RELIEF FOR INFRINGEMENT OF U.S. PATENT NO. 6,065,391

14.     United States Patent No. 6,065,391 (the "'391 Patent") issued on May 23, 2000, and is entitled "Electronic Chef's Fork". Brookstone is an owner by assignment of the '391 Patent. A true and correct copy of the '391 Patent is attached hereto as Exhibit C and is incorporated herein by reference.

15.     Upon information and belief, Dillard's has been and is now infringing one or more claims of the '391 Patent by [1] making, having made, importing, using, offering to sell, or selling the patented invention(s), [2] by actively inducing others to make, import, use, offer to sell, or sell the patented invention(s), or [3] by contributing to the manufacture, import, use, sale, or offer for sale the patented invention(s) in the United States.

16.     More particularly, without limitation, Dillard's is now infringing one or more claims of the '391 Patent by making, having made, importing, using, offering to

sell, or selling the Accused Product, which embodies the patented invention(s) of the '391 Patent.

17.     Dillard's has had actual notice of the '391 Patent since November 26, 2003. *See* Letter, Exhibit B. In addition, by service of this Complaint, Brookstone gives Dillard's actual notice of the existence of the '391 Patent. Despite such notice, Dillard's has and will likely continue to willfully, wantonly, and deliberately engage in acts of infringement without regard to the '391 Patent, and will continue to do so unless otherwise enjoined by this Court.

18.     Brookstone has been damaged by the infringing activities of Dillard's and will be irreparably harmed unless those infringing activities are permanently enjoined by this Court. Brookstone does not have an adequate remedy at law.

## THIRD CLAIM FOR RELIEF FOR INFRINGEMENT OF
## U.S. PATENT NO. D437,794

19.     United States Patent No. D437,794 (the "'794 Patent") issued on February 20, 2001, and is entitled "Electronic Fork". Brookstone is an owner by assignment of the '794 Patent. A true and correct copy of the '794 Patent is attached hereto as Exhibit D and is incorporated herein by reference.

20.     Upon information and belief, Dillard's has been and is now infringing one or more claims of the '794 Patent by [1] making, having made, importing, using, offering to sell, or selling the patented invention(s), [2] by actively inducing others to make, import, use, offer to sell, or sell the patented invention(s), or [3] by contributing to the manufacture, import, use, sale, or offer for sale the patented invention(s) in the United States.

21.    More particularly, without limitation, Dillard's is now infringing one or more claims of the '794 Patent by making, having made, importing, using, offering to sell, or selling the Accused Product, which embodies the patented invention(s) of the '794 Patent.

22.    Dillard's has had actual notice of the '794 Patent since November 26, 2002. *See* Letter, Exhibit B. In addition, by service of this Complaint, Brookstone gives Dillard's actual notice of the existence of the '794 Patent. Despite such notice, Dillard's has and will likely continue to willfully, wantonly, and deliberately engage in acts of infringement without regard to the '794 Patent, and will continue to do so unless otherwise enjoined by this Court.

23.    Brookstone has been damaged by the infringing activities of Dillard's and will be irreparably harmed unless those infringing activities are permanently enjoined by this Court. Brookstone does not have an adequate remedy at law.

**WHEREFORE,** Brookstone demands judgment as follows:

(a)    That Brookstone, as an assignee of the '783, '391, and '794 Patents, has the right to sue and to recover for infringement of the '783, '391, and '794 Patents;

(b)    That the '783, '391, and '794 Patents are valid and enforceable;

(c)    That Dillard's has infringed the '783, '391, and '794 Patents and that its infringement has been willful;

(d)    That Brookstone has been irreparably harmed by the infringing activities of Dillard's;

(e)    That Dillard's, its officers, agents, servants, employees and those persons in active concert or participation with any of them, as well as all successors or assignees of the interests or assets related to the Accused Product, be permanently enjoined from further infringement of the '783, '391, and '794 Patents;

(f)    That an accounting be had for the damages caused to Brookstone by the infringing activities of Dillard's;

(g)    That Brookstone be awarded damages adequate to compensate for Dillard's infringement, which shall include lost profits but in no event shall be less than a reasonable royalty for the use made of the inventions of the '783, '391, and '794 Patents by Dillard's, or, alternatively, the infringer's total profits pursuant to 35 U.S.C. § 289 for Dillard's infringement of the '794 Patent, including pre- and post-judgment interest, and costs, including expenses;

(h)    That, once actual damages are assessed, damages so ascertained be trebled in view of the willful and deliberate nature of the infringement and be awarded to Brookstone, with interest;

(i)    That this be declared an exceptional case and that Brookstone be awarded its attorneys' fees; and

(j)    That Brookstone be awarded such further necessary or proper relief as this Court may deem just.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Brookstone hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

BROOKSTONE COMPANY INC.
By Its Attorneys,


Jonathan D. Cohen BBO No. 600081
GREENBERG TRAURIG LLP
One International Place – 20th Floor
Boston, MA 02110
(617) 310-6000

and

George G. Matava
Brian A. Carpenter
Shelley K. Barton
GREENBERG TRAURIG LLP
1200 Seventeenth Street, Suite 2400
Denver, CO  80202
(303) 572-6500

December 12, 2003


\\bos-srv01\96762v01\12/12/03\65376.010100

8